In the Matter of AMBROSE J. MOUNTAIN, Respondent, v CITY OF SCHENECTADY et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered February 10, 1983 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination discharging petitioner from the City of Schenectady Police Department. ¶ Petitioner, a member of the City of Schenectady Police Department, was subpoenaed to testify before the Schenectady County Grand Jury in a proceeding entitled "People of the State of New York against Ambrose Mountain". Petitioner had previously been indicted in November, 1981 on counts of rape and sodomy and on two counts of official misconduct.[1] Petitioner appeared before the Grand Jury on June 29, 1982 but refused to execute a waiver of immunity.[2] Thereafter, petitioner was charged with six violations of the duties and rules of conduct of the Schenectady Police Department, each charge specifically based upon petitioner's refusal to execute the waiver of immunity. An administrative hearing pursuant to subdivision 2 of section 75 of the Civil Service Law was held on August 18, 1982. During this proceeding, petitioner admitted that he refused to sign the waiver of immunity, but asserted that such refusal was not, as a matter of law, a basis upon which to support a finding of misconduct. The hearing officer concluded that petitioner had violated section 6 of article I of the New York State Constitution and found him guilty of all charges. Based upon that decision, and the recommendation of the Chief of Police, respondent Frank Duci, then Mayor of Schenectady, notified petitioner of his dismissal by letter dated September 2, 1982. Petitioner commenced the instant CPLR article 78 proceeding seeking reinstatement and back pay. Special Term concluded that petitioner's discharge was the result of unconstitutionally coercive procedures prohibited by the Supreme Court in *Gardner v Broderick* (392 US 273) and directed his reinstatement. This appeal ensued. ¶ Initially, we note that Special Term did not err in declining to transfer of the proceeding to this court in the first instance (CPLR 7804, subd [g]). Notwithstanding petitioner's

---

1. The two counts of official misconduct were dismissed, without prejudice, by order of the Supreme Court (Doran, J.), dated May 7, 1982. The People's appeal from that order is presently pending and is not at issue here.

2. Petitioner's motion to quash the subpoena was denied as moot on July 9, 1982.

characterization of the proceeding as in the nature of certiorari, Special Term was authorized to determine whether petitioner was improperly discharged as a matter of law, without having to reach the substantial evidence question (CPLR 7804, subd [g]; see *Matter of Consumer Protection Bd. v Public Serv. Comm.,* 85 AD2d 321, app dsmd 57 NY2d 673; *Matter of Save the Pine Bush v Planning Bd.,* 83 AD2d 741). This is true despite the quasi-judicial nature of the hearing below, and also the fact that respondents pleaded objections in point of law in their answer rather than in a motion to dismiss (CPLR 7804, subd [f]; see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:9, pp 507-508). ¶ Turning to the merits, we conclude that Special Term correctly determined that petitioner's discharge was in violation of his right against self incrimination (US Const, 5th Amdt; NY Const, art I, § 6). Respondents seek to justify the dismissal pursuant to section 6 of article I of the New York State Constitution, which provides, in pertinent part, that: "any public officer who, upon being called before a grand jury to testify concerning the conduct of his present office * * * or the performance of his official duties in any such present or prior offices, refuses to sign a waiver of immunity against subsequent criminal prosecution * * * shall be removed from his present office". Contrary to respondents' suggestion, this provision has not been accorded a literal construction, nor has it passed constitutional muster. In *Gardner v Broderick (supra),* relied upon by Special Term, a New York City police officer, subpoenaed to appear before a Grand Jury investigating certain gambling activities, was informed that his refusal to execute a waiver of immunity could result in his discharge. Upon his refusal, the officer was in fact discharged, in part, on the authority of section 6 of article I of the State Constitution. The Supreme Court concluded that since the officer "was discharged from office, not for failure to answer relevant questions about his official duties, but for refusal to waive a constitutional right", his constitutional right against self incrimination had been violated *(supra,* at p 278). The court noted that while the State may compel a public officer to account for his activities and terminate his services if he refused to answer relevant questions, it may not do so by compelling for forfeiture of that individual's constitutional rights *(supra,* at p 278). ¶ The instant proceeding is virtually indistinguishable from *Gardner.* While respondents urge that petitioner was discharged for failing to perform his duties as a police officer, the record confirms that the actual reason was petitioner's refusal to execute the waiver of immunity. Indeed, each of the specifications recites the same basic reason for the discharge: that petitioner refused to waive immunity in violation of section 6 of article I of the State Constitution and departmental rules. Had petitioner refused to answer questions specifically, directly and narrowly related to the performance of his official duties, without having to execute a waiver of immunity, the privilege against self incrimination would not have been a bar to his dismissal. Here, however, petitioner was requested to waive immunity and when he refused, the proceeding terminated. Since petitioner was summoned to appear before a Grand Jury in which he was the named defendant, it is obvious that his testimony was demanded so that it might be used to prosecute him, and not simply to obtain an accounting of his performance of a public trust. In essence, petitioner was presented with the choice of either surrendering his constitutional rights in an ongoing criminal action against him or losing his job. This is precisely the type of coercion and sanction expressly prohibited in *Gardner,* and not to be tolerated here *(Lefkowitz v Cunningham,* 431 US 801, 805-806; *Gardner v Broderick, supra; Sanitation Men v Sanitation Comr.,* 392 US 280; *Garrity v New Jersey,* 385 US 493). This is particularly true since, as a named defendant, petitioner should not have

been called as a witness in the first place (see *People v Avant,* 33 NY2d 265; *People v Steuding,* 6 NY2d 214). ¶ Nor can we agree that petitioner admitted violating departmental rules. The only fact admitted was his refusal to execute the waiver of immunity, which was a proper exercise of his constitutional rights. Respondents' further suggestion that petitioner was not coerced at the Grand Jury proceeding, since the charges were not brought until weeks after petitioner's refusal to waive immunity, ignores the fact that department rules required execution of a waiver as a condition precedent to continued employment. Inasmuch as petitioner was discharged in violation of his constitutional rights, Special Term properly ordered his reinstatement. In so doing, however, the court incorrectly awarded petitioner full back pay without having determined whether he received compensation from some other source during his suspension (Civil Service Law, § 75, subd 3). As such, the matter should be remitted to Special Term solely for an assessment of the amount of back pay to which petitioner is entitled. ¶ Judgment modified, on the law, by reversing so much thereof as awarded petitioner back pay and benefits retroactive to the date of his termination, matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.