■ In the Matter of NELSON WILLIAMS, JR., Petitioner, v RENSSELAER COUNTY BOARD OF ELECTIONS et al., Respondents. THOMAS V. KENNEY, JR., Respondent; COUNTY OF RENSSELAER, Appellant.—Per Curiam. Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered November 5, 1984 in Rensselaer County, which granted the application of Thomas V. Kenney, Jr., for an order directing the County of Rensselaer to pay him counsel fees for representing respondent Thomas M. Monahan, Jr., in this proceeding.

The 1983 election for Town Councilman in the Town of East Greenbush, Rensselaer County, hinged on whether two emergency paper ballots should be opened and counted. Resolution of that issue fell to the county's Board of Elections. Its two commissioners, Thomas M. Monahan, Jr., and Henry G. Tutunjian, disagreed, with Monahan voting not to open the ballots.

The continued closure of the ballots which resulted prompted Nelson Williams, Jr., one of the candidates for Town

Councilman, to initiate legal proceedings to have the two ballots counted; at that juncture, the candidates were but one vote apart. The County Attorney, answering on behalf of Tutunjian, raised no objection to the relief sought. Monahan was of the opinion that the county's interest conflicted with his own as a commissioner and retained private counsel, Thomas V. Kenney, Jr. Before doing so, however, in accordance with Local Laws, 1983, No. 5 of County of Rensselaer, Monahan asked the county to pay for his defense in the matter. The county refused on the ground that Monahan was not being sued "in any personal capacity".

Kenney nevertheless represented Monahan and, at the conclusion of the litigation (see, Matter of Williams v Rensselaer County Bd. of Elections, 98 AD2d 938, affd 61 NY2d 730), sought the instant order compelling the county to pay the counsel fees due him. Special Term determined that there had been a conflict of interest between Monahan and the county and awarded fees in the amount of $3,684. The county appeals.

The order should be affirmed. As previously described the instant Election Law proceeding was brought against Monahan, as commissioner, as well as against the Board as an official body. The relief sought was an order compelling Monahan and Tutunjian to open and count the two emergency paper ballots. It was Monahan's previous refusal to count these ballots that brought on this proceeding. It seems uncontrovertible that the underlying proceeding here falls literally within the unambiguous operative phrase of both Local Laws, 1983, No. 5 of County of Rensselaer § 3 and Public Officers Law § 18 (3) (a) from which the local law was derived, as "any civil action or proceeding * * * arising out of any alleged act or omission which * * * allegedly occurred while the employee was acting within the scope of his public employment or duties" (emphasis supplied), giving rise to the county's duty to defend. The breadth of the foregoing statutory language in imposing an obligation to provide a defense, not only to a civil action but any "proceeding" arising out of any official act, belies the county's narrow construction restricting the benefits of the statute solely to matters in which the public employee may be held personally liable. Obviously, Monahan would have been subject to the court's contempt powers if he had disregarded an order adverse to his position that the ballots in question were not to be counted. There is nothing in the statutory language or legislative history to suggest that protecting a public employee against this kind of jeopardy was

not intended to be covered by the duty to provide a defense under the statute.

The existence of a conflict of interest on the part of the County Attorney's office is clearly established by the record, as evidenced by its submission of an answer in the underlying proceeding on behalf of Tutunjian stating that there was no objection to the relief sought in the petition to have the contested ballots counted.

Consequently, Monahan was statutorily entitled to independent representation and Special Term's ruling to that effect, and its direction to the county to pay reasonable counsel fees therefor, should be affirmed.

Order affirmed, with costs. Weiss, Mikoll and Levine, JJ., concur.

Main, J. P., and Yesawich, Jr., J., dissent and vote to reverse in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We respectfully dissent. The express purpose of Local Laws, 1983, No. 5 of County of Rensselaer is "to provide for the defense and indemnification of officers and employees of the County of Rensselaer in accordance with Public Officer's [sic] Law Section 18 and County Law Section 501, as amended by Chapter 277 of the Laws of 1981." In characterizing when a defense is to be furnished, Local Laws, 1983, No. 5 of County of Rensselaer § 3 essentially tracks Public Officers Law § 18 (3), and the legislative history underlying section 18 substantiates the County of Rensselaer's contention that a defense at public expense is available only to public employees "who are sued civilly for alleged acts or omissions occurring while they were acting within the scope of their public employment or duties" (Governor's memorandum, 1981 NY Legis Ann, at 159). The Law Revision Commission, which proposed the bill, likewise perceived its scope as ensuring that those in public employment would "not be called upon to personally defend themselves against claims arising out of the daily operation of the government or to account in damages therefor" (1981 Report of NY Law Rev Commn, Legis Doc No. 65, at 220-221).

Although Local Laws, 1983, No. 5 of County of Rensselaer § 3 [b] provides for public payment of private counsel "whenever a court * * * determines that a conflict of interest exists", this language must be interpreted in a manner consistent with the over-all purpose of the law. Thus, where defense of the employee in a civil action or proceeding does indeed genuinely conflict with the county's interest, the employee is

entitled to be represented by counsel of his choice and payment of counsel fees and expenses is chargeable to the public fisc. But when, as here, the claimed conflict consists of nothing more than the public employee's disaffection with the county's position on a matter, that does not trigger the law's safeguards (see, Local Laws, 1983, No. 5 of County of Rensselaer § 3 [e]). To rule otherwise would permit any public employee who disagrees with the county's stance on a particular issue to initiate his own involvement in the ensuing litigation at public expense. The legislation neither envisions nor authorizes such a paradoxical result.

We would therefore reverse Special Term's order and deny the application.