■ In the Matter of WILLIAM BARRETO, Respondent, v DAVID GUNN, as President of the New York City Transit Authority, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination dated September 27, 1985 of the New York City Transit Authority (hereinafter Transit Authority) which, after a hearing, terminated the petitioner's employment as an assistant train dispatcher, the appeal is from a judgment of the Supreme Court, Kings County (Rader, J.), dated May 20, 1986, which annulled the determination and reinstated the petitioner to his position with back pay and all benefits from the date of termination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner was convicted, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, as a result of which he was charged by the Transit Authority with having violated certain of the Rules and Regulations Governing Employees Engaged in the Operation of the New York City Transit System. A hearing was held pursuant to Civil Service Law § 75 and the petitioners's employment was terminated upon a finding that he had violated certain Transit Authority rules. The petitioner then commenced the in-

stant proceeding challenging that determination. He argued that the Transit Authority's findings were arbitrary and capricious in that there was no evidence that his conviction related in any way to his job duties and responsibilities, and that his dismissal, which he alleged was predicated solely on the basis of his conviction, violated both his equal protection rights and the rights afforded him pursuant to his certificate of relief from disabilities which he was granted when sentenced. The court, finding that the petitioner's discharge was based solely on his felony conviction, vacated the determination, relying on *Furst v New York City Tr. Auth.* (631 F Supp 1331) and Correction Law § 701. This appeal ensued.

Initially, we note that this court is not bound by the decision in *Furst v New York City Tr. Auth. (supra),* which we, in any event, find distinguishable from the instant case. In *Furst,* the plaintiff was discharged based on his conviction of manslaughter in the second degree, which conviction arose out of a wholly accidental killing. The record there demonstrated that the plaintiff was dismissed solely pursuant to a policy requiring the dismissal of all employees who had been convicted of felonies, which policy, it has been held, violates the Equal Protection Clause of the United States Constitution *(see, Furst v New York City Tr. Auth., supra).* In the instant case, there is no evidence that the petitioner was discharged pursuant to such a policy; rather, it is evident that petitioner was discharged because his conviction reflected poorly on his capacity to serve as a supervisor as well as the integrity of the Transit Authority. While in *Furst v New York City Tr. Auth. (supra),* there was absolutely no basis for inferring that the plaintiff's act or conviction would impede his job performance, here, the relationship between the petitioner's conviction of criminal sale of a controlled substance in the third degree and an effect on his job performance is readily inferable.

Furthermore, while the certificate of relief from disabilities granted to the petitioner prohibited the Transit Authority from discharging him solely on the basis of his criminal conviction (Correction Law § 701 [2]), the Transit Authority nevertheless had the right to rely on the conviction as a basis for the exercise of its discretionary power to terminate his employment (Correction Law § 701 [3]) and our review of the record has revealed that the Transit Authority did not abuse *its discre*tion in discharging the petitioner. Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.