■ In the Matter of JAMES C. DOUGLAS, JR., Petitioner, v THOMAS A. CONSTANTINE, as Superintendent of the Division of State Police, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of State Police which found petitioner guilty of violating certain regulations of the State Police.

On December 22, 1987, an altercation between petitioner, a sergeant in the State Police, and his wife, Donna Douglas, in their home resulted in injuries to Douglas, for the treatment of which petitioner took her to a local hospital. There, Douglas initially reported she sustained her injuries in a fall against a mirror, but later confided that her husband had struck her and asked that he not be allowed into her room. When her husband sought to remove her from the hospital, she became very excited and fearful, refused to leave and was admitted for "psycho-social" reasons. Her injuries included a concussion, laceration of the forehead, fractured nose, bruises on the

left upper thigh and hip area, and a traumatized left eye, an injury inconsistent with a fall.

During her hospital stay, Douglas told police and social workers that petitioner had repeatedly punched and kicked her. Upon her release from the hospital, she stayed in a "safe house" for several days. On December 30, 1987, an Assistant District Attorney assigned to pursue criminal charges against petitioner stemming from this incident was informed by local police that Douglas was recanting her accusations against her husband. Upon meeting with the Assistant District Attorney, Douglas vacillated and after some discussion withdrew the criminal charges, electing to proceed instead in Family Court.

A hearing was subsequently conducted on disciplinary charges leveled against petitioner for, among other things, breaching State Police regulations by committing acts in violation of Penal Law § 120.05 (second degree assault) or lesser included offenses and bringing discredit upon the Division of State Police (hereinafter the Division). At that hearing, Douglas testified that in the course of an angry discussion she slapped and grabbed petitioner, and that as he attempted to free himself she slipped and injured herself in the fall. Various hospital personnel, social workers and police officers also testified at the hearing regarding Douglas' condition, behavior and the statements she had made.

The Hearing Board found petitioner guilty of committing acts in violation of third degree assault in recklessly inflicting physical injuries upon his wife, of misconduct and of bringing discredit upon the Division, all based upon the charged assault of his wife. Respondent Superintendent of State Police accepted the Hearing Board's findings and imposed the recommended sanctions, a letter of censure, a 46-day suspension without pay and six months of probation. Petitioner commenced this proceeding, asserting that the Superintendent's determination is not founded upon substantial evidence or, in the alternative, that the penalty imposed was excessive and shocking to one's sense of fairness.

Petitioner's primary contention is that because the Superintendent relied upon Douglas' hearsay statements regarding the alleged assault despite the fact that she later recanted those statements, the determination was not supported by substantial evidence. However, although Douglas retracted her earlier accusations against her husband as vengeful fabrications, she did indeed admit making them, creating a credibility question. The Hearing Board described Douglas' hearing

testimony as "rehearsed" and "totally without credibility", noting that it was contradicted by evidence such as hospital records and the testimony of other witnesses. A court may not second-guess an agency determination on a pure issue of witness veracity *(Matter of Afif v Commissioner of Educ.,* 134 AD2d 679, 681). Accepting Douglas' statements made while hospitalized and the various observations of medical professionals, there is clearly substantial evidence for the subject determination.

Petitioner challenges as inconsistent the Hearing Board's finding on charge VI that he "knowingly and willfully violated the Penal Law, § 120.00 * * * as stated in Charge I" with its finding in charge I that the assault was in the third degree since it was recklessly caused. The core of charge VI is that petitioner violated rule 8.41 (A) (1) (which prohibits "misconduct") when he violated rule 8.44 (which prohibits violation of, *inter alia,* any State law). Thus, petitioner would be guilty of misconduct whether his conduct was knowing and willful or reckless.

Finally, there is no merit to petitioner's assertion that the penalty imposed was disproportionate to his violations.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.