■ In the Matter of LAWRENCE POCENGAL, Petitioner, v JUANITA M. CRABB, as Mayor and Commissioner of Public Safety of the City of Binghamton, et al., Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Broome County) to review a determination of respondent Mayor of the City of Binghamton which dismissed petitioner from his employment as a police officer.

Petitioner seeks, *inter alia,* reinstatement as a City of

Binghamton police officer following a decision by respondent Mayor of the City of Binghamton (hereinafter the Mayor) to terminate petitioner due to off-duty misconduct. The misconduct charged stems from an assault that allegedly took place on April 26, 1988 at approximately 8:30 P.M. and involved petitioner and his then-girlfriend, Deborah Edwards. Edwards filed a statement that evening with the Broome County Sheriff's Department stating that petitioner repeatedly beat her after a confrontation between them regarding telephone calls to another woman. Edwards has repeatedly recanted her story with the authorities and has insisted that the injuries she sustained that night were caused by a car accident and a fall down petitioner's stairs. Formal criminal charges were eventually dropped; however, the Binghamton Police Department was notified and disciplinary charges were brought against petitioner alleging, *inter alia,* misconduct.

Petitioner denied the charges and, at a subsequent hearing, Edwards again stated that petitioner never assaulted her and that she fabricated the story out of rage over the quarrel she had with petitioner that night. Testimony from the officer who took Edwards' original statement was introduced at the hearing, as well as photographs which depicted the cut lip, scratched neck and bruised forehead and arm sustained by Edwards. Petitioner's testimony essentially corroborated Edwards' recantation, and petitioner admitted the two had dated each other since the incident.

The Hearing Officer found that "[t]here is sufficient evidence in the testimony to give, at least, a faint suspicion of a change of heart by Ms. Edwards rather than a change of testimony" and that the photographs of Edwards' injuries "do appear to give support to the contention that Ms. Edwards was indeed assaulted". The Hearing Officer also found that the charges against petitioner were unproven and recommended that all charges be dismissed. In a subsequent decision, the Mayor disregarded the Hearing Officer's recommendation and found petitioner guilty of misconduct for assaulting Edwards. Petitioner then initiated the instant proceeding arguing, *inter alia,* that the record lacks the requisite substantial evidence to support his termination from employment.*

We annul. The Mayor's determination is not supported by

---

* As a preliminary matter, we summarily dismiss that portion of the petition seeking relief and counsel fees pursuant to 42 USC §§ 1983 and 1988. The charges were sufficiently specific to withstand both statutory and constitutional due process scrutiny *(see, Matter of Block v Ambach,* 73 NY2d 323, 333).

substantial evidence *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443; *Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). This case turns on the recanting testimony of Edwards and the record reveals that the Hearing Officer, who heard and observed her testimony, recommended dismissal of the charges. Although the Mayor is not bound by that recommendation *(see, Matter of Lewis v Cambridge Filter Corp.,* 132 AD2d 802, 803, *lv denied* 71 NY2d 805) and "is free to pass on issues of credibility" *(supra,* at 803) the Hearing Officer's findings are entitled to great weight in determining the existence of substantial evidence *(see, Matter of Kelly v Murphy,* 20 NY2d 205, 210). In this instance, the Hearing Officer found "a faint suspicion" that Edwards' recantation was not credible. A finding of substantial evidence may not be based on faint suspicions *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 180), and the Mayor incorrectly interpreted the record and the report based thereon. Nothing in the record, other than the fact that petitioner and Edwards have since dated, supports a conclusion that Edwards was lying at the hearing when she stated that petitioner did not assault her. Nor did the Hearing Officer conclude, after observing Edwards' testimony, that it was "rehearsed" or "totally without credibility" *(cf., Matter of Douglas v Constantine,* 151 AD2d 811). Lacking substantial evidence to support it, the Mayor's determination must be annulled.

Determination annulled, without costs, charges against petitioner dismissed, and respondents are directed to reinstate petitioner with full pay for the period of suspension less the amount of compensation, including any unemployment insurance benefits, he may have received during such period. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.