■ In the Matter of JOHN P. RILEY, Petitioner, v MAURICE SCHLES, as Superintendent of the Department of Buildings and Grounds of the County of Rockland, et al., Respondents.— Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Appellate Division, Second Department) to review a determination of respondents which terminated petitioner's employment with respondent County of Rockland.

Petitioner, an employee of respondent County of Rockland, filed a statement with the County claiming that he had sustained injuries to his left shoulder, left hip and leg, and lower back in a fall from a ladder in the County Clerk's office on April 11, 1989. An investigation resulted in charges being filed against petitioner, pursuant to Civil Service Law § 75, based upon allegations that petitioner's injuries were not sustained in an accident at County premises, as claimed by petitioner. A hearing was held and petitioner was found guilty of all charges. The penalty of dismissal was imposed and petitioner commenced this CPLR article 78 proceeding to review the determination.

We reject petitioner's contention that substantial evidence is lacking to support the determination which found him guilty of the charges arising out of his claim that the injuries were sustained in a fall from a ladder at the County Clerk's office. A co-worker testified that at 8:00 A.M. on April 11, 1989 he saw petitioner trip and fall in front of a delicatessen. According to the co-worker, petitioner appeared to have hurt his shoulder or arm. He also testified that petitioner approached him later that morning and asked him not to say anything about the fall at the delicatessen because he (petitioner) was going to claim a work-related injury. A second co-worker testified that petitioner told him on April 11, 1989 that he (petitioner) had hurt himself in a fall at the delicatessen, but was going to claim that he had done it at the County Clerk's office. Although petitioner and other witnesses contradicted this testimony, the conflict presented a credibility issue for the fact finder to resolve, and we will not second guess an agency determination on a pure issue of credibility *(see, Matter of Douglas v Constantine,* 151 AD2d 811). The fact that a different determination could have been made on the basis of the conflicting evidence does not justify judicial interference with the determination actually made by the administrative agency *(Matter of Gonzalez v Le Fevre,* 105 AD2d 909, 910). Where there is room for choice, as here, neither the weight which might be accorded nor the choice which might be made

by a court is germane *(Matter of New York City Bd. of Educ. v Bastista,* 54 NY2d 379, 384).

We reject petitioner's remaining arguments for annulling the determination in its entirety, but we agree with petitioner that the determination lacks a rational basis insofar as it found petitioner guilty of the charge based upon obstructing governmental administration. The charge arises out of allegations concerning a telephone conversation petitioner had with his wife and a subsequent conversation the wife had with a co-worker. Petitioner's wife and her co-worker both testified as witnesses for respondents and both denied that the conversations had occurred. The only evidence to the contrary is contained in a police investigation report concerning a conversation between petitioner's wife and her co-worker, which was overheard by a third party. Neither the officer who prepared the report nor the third party who told the officer that she overheard the conversation testified at the hearing.

An administrative agency can prove its case through hearsay, so long as it is believable, relevant and probative *(Matter of De Carlo v Perales,* 131 AD2d 31, 34-35). Here, however, there is absolutely nothing in the record from which the Hearing Officer could conclude that the third party was actually in a position to accurately overhear conversations between two people who deny that the conversations ever took place. Nor is there any other evidence concerning the reliability of either the third party or the statement she purportedly made to the investigating officer. The determination should, therefore, be modified by annulling so much thereof as sustained charge V and the matter should be remitted to respondents for the imposition of a penalty deemed appropriate in light of our modification.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of charge V; said charge dismissed and matter remitted to respondents for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed.