[606 NYS2d 832]

In the Matter of WESTMOUNT HEALTH FACILITY, Respondent, v MARY JO BANE, as Commissioner of the New York State Department of Social Services, et al., Appellants.

Third Department, January 20, 1994

### APPEARANCES OF COUNSEL

*G. Oliver Koppell, Attorney-General,* Albany *(Victor Paladino* and *Peter G. Crary* of counsel), for appellants.

*Cadwalader, Wickersham & Taft,* New York City *(Peter G. Bergmann, Jeffrey Q. Smith* and *William J. Natbony* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH JR., J.

Petitioner, a Warren County governmental residential nursing home, has been a Medicaid program participant since opening its doors in 1981. After conducting a field audit of petitioner's 1981 through 1983 cost reports, the Department of Social Services (hereinafter DSS) issued a final report disallowing, *inter alia,* amounts petitioner paid into the Warren County self-insurance funds for unemployment insurance and workers' compensation, and certain items of interest expense. Petitioner interposed written objections to the disallowances

and in due course received an administrative hearing. Following that hearing, the Administrative Law Judge (hereinafter ALJ) sustained the adjustments, prompting petitioner to bring this CPLR article 78 proceeding challenging the administrative determinations. Supreme Court granted the petition in its entirety, and respondents appeal.

■ Preliminarily, we reject respondents' claim that this controversy involves a substantial evidence question (see, CPLR 7803 [4]), and therefore should have been transferred to the Appellate Division at the outset (see, CPLR 7804 [g]). The material facts are not in dispute. What is disputed by petitioner is respondents' interpretation of certain statutes and regulations, and their application to the facts, matters which Supreme Court rightly determined were within its province to review in the first instance (see, Matter of Mountain v City of Schenectady, 100 AD2d 718, 718-719, lv dismissed 63 NY2d 603, lv denied 64 NY2d 607).

■ As for the merits, it is respondents' contention that the ALJ properly determined that petitioner is "self-insured" with regard to its unemployment insurance and workers' compensation expenses, thus bringing it within an exception to the general rule that expenses for those items are allowable costs for reimbursement (see, Federal Medicaid Provider Reimbursement Manual [hereinafter HIM-15] § 2161 [a]; § 2162 [a]; §§ 2122.5, 2122.6), and that in overturning this determination Supreme Court acted arbitrarily and capriciously; we disagree. Inarguably, Warren County is self-insured and petitioner, an operating unit of the County, meets its obligations for unemployment insurance and workers' compensation by contributing to the County's self-insurance fund. The ALJ found this sufficient to bring petitioner within the definition of a "self-insurer" as that term is used in the pertinent regulations (see, HIM-15 §§ 2122.5, 2122.6). As noted by Supreme Court, however, this analysis fails to take into account the primary distinguishing feature of "self-insurance", namely, the assumption of all or part of the risk of liability (see, HIM-15 § 2162.7 [a]; cf., 10 NYCRR 452.3 [l]). By adopting the mechanism it has for meeting its compensation and unemployment insurance obligations, petitioner has effectively shifted the risk created by those obligations to Warren County. Petitioner makes predetermined payments into the fund, regardless of actual claims made by its employees or former employees, and if actual claims exceed the amount paid in, Warren County bears responsibility for making up the difference. Likewise,

petitioner cannot recoup any amounts that are not actually used for paying claims.

In determining whether it is rational to treat this arrangement as one of self-insurance, it is necessary to keep in mind the overriding purpose of the methodology used for calculating reimbursement rates, which is to determine the reasonable costs of a provider, and reimburse accordingly with appropriate adjustments to encourage efficiency and economy. Not all actual costs need be reimbursed; but the rate of reimbursement must be sufficient to adequately compensate an efficiently and economically operated facility for its reasonable costs (see, Public Health Law § 2807 [3]; *Matter of Sunrise Manor Nursing Home v Axelrod*, 135 AD2d 293, 297).

The facility whose costs are being determined here is petitioner (Westmount Health Facility), not Warren County. In view of the fact that the insurance programs involved shift the risk of loss away from petitioner, the payments it makes are in every way akin to premium payments to a commercial insurer or, in the case of unemployment insurance, to the State Unemployment Insurance Fund. Not only are the amounts paid into the fund an accurate measure of its actual costs, the evidence also demonstrates that they are equal to or less than the market rates for obtaining such insurance.

Rather than allow petitioner to claim as expenses the payments made into the fund, respondents would measure the facility's expenses by the actual amount paid out of the fund for claims. Although this represents a rational assessment of the true costs of a facility that actually assumes the risk of paying claims itself, petitioner does not do so. Under these circumstances, it cannot be said that the amount actually paid by Warren County to satisfy the claims of petitioner's employees has any relationship either to petitioner's actual costs or to the reasonable costs of an efficiently run facility (see, *Matter of Brothers of Mercy Nursing & Rehabilitation Ctr. v Commissioner of N. Y. State Dept. of Health*, 192 AD2d 50, 54). Thus, as petitioner urges, there is no rational basis for classifying this arrangement as "self-insurance" or for disallowing the payments.

Respondents also take issue with Supreme Court's determination that the ALJ erred in holding that petitioner had not adequately preserved its objection to the disallowance of $23,575 in interest expense. In the draft audit report, DSS disallowed this expense—incurred during the construction of peti-

tioner's facility—in a single paragraph with two other items, an "overmortgaging" adjustment and an offset for $22,157 in interest income. Petitioner objected to these adjustments "for the reasons set forth in Facility Response IV (B) (1)", but that response provided no explanation as to why the $23,575 interest expense, which was not related to the overmortgaging adjustment, should not have been disallowed.

Given that petitioner's response advances no argument why disallowance of the interest expense was inappropriate, the ALJ properly found that petitioner failed to provide the agency sufficient notice of the grounds for its dissatisfaction so as to preserve its objection for explication at the hearing. It was error, therefore, for Supreme Court to overturn this aspect of respondents' determination (see, Matter of Fahey v Axelrod, 171 AD2d 213, 216).

MIKOLL, J. P., MERCURE, CREW III and WHITE, JJ., concur.

Ordered that the judgment is modified, on the law, with costs to petitioner, by dismissing the petition insofar as it seeks an order directing respondents to consider petitioner's claim involving the $23,575 interest expense disallowance, and, as so modified, affirmed.