■ In the Matter of SHIRLEY CALLOWAY, Petitioner, v MARY E. GLASS, as Acting Commissioner of the Department of Social Services of the County of Westchester, et al., Respondents. [610 NYS2d 973] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent Acting Commissioner of the Westchester County Department of Social Services which terminated petitioner's employment.

The issues in this proceeding are whether the finding of

---

misconduct made against petitioner is supported by substantial evidence and whether the penalty imposed was appropriate.

Petitioner was employed by the Westchester County Department of Social Services (hereinafter DSS) as an intermediate typist. In October 1989 petitioner allegedly drove Rina Carter, a co-worker, in her car to certain business places where she accompanied Carter while Carter made purchases with a credit card stolen by Carter from another co-worker. Petitioner was charged in an indictment with two counts of forgery in the second degree, two counts of criminal possession of a forged instrument in the second degree, two counts of criminal possession of stolen property in the fourth degree and two counts of petit larceny. In full satisfaction of the charges against her and pursuant to a plea agreement, petitioner subsequently entered guilty pleas to two counts of criminal possession of a forged instrument in the second degree, which were denominated as counts 2 and 6 of the indictment. On May 24, 1991, petitioner was sentenced to two concurrent terms of five years' probation, ordered to make restitution in the sum of $1,014.05 payable at a rate of $50 a month, and ordered to pay a surcharge of $50.75.

Petitioner was also charged with four specifications of misconduct relating to the incident. On June 17, 1991, a disciplinary hearing was held before a designated Hearing Officer pursuant to Civil Service Law § 75. During the hearing, the four original specifications were withdrawn and the two charges to which petitioner had pleaded guilty were substituted in their place as two specifications of misconduct. The attorney for DSS, however, mistakenly designated the counts of the indictment as 1 and 6 instead of 2 and 6. DSS placed in evidence the indictment, the plea minutes and the sentencing minutes. At the conclusion of the hearing, the Hearing Officer found petitioner guilty of the two substituted specifications. The Hearing Officer also concluded that the charges were not work related and recommended a penalty of a 60-day suspension. Respondent Acting Commissioner of DSS (hereinafter respondent) adopted the guilty finding of the Hearing Officer but rejected the recommended penalty, finding that the charges were work related. She then imposed a penalty of termination of petitioner's employment.

Petitioner then commenced this CPLR article 78 proceeding. The standard for review in this CPLR article 78 proceeding is whether there is substantial evidence in the record to support the determination *(see, Matter of Pell v Board of Educ.,* 34

NY2d 222; *Matter of Bevacqua v Sobol,* 176 AD2d 1, 3). In our view the determination of respondent is supported by substantial evidence and should be confirmed.

Petitioner seeks to take advantage of the misidentification of the counts to which she pleaded guilty and then to contend, in effect, that no substantial evidence supports the allegations of misconduct made against her. A review of the hearing minutes and the exhibits offered clearly reveals that DSS' counsel mistakenly referred to count 2 of the indictment, to which petitioner had pleaded guilty, as count 1 and that the intent was to substitute count 2 and not count 1, which had been dismissed. This is clear from a reading of the transcripts of the plea and sentencing that were referred to and made a part of the record at the hearing. The plea minutes contain petitioner's admission of guilt to the crime alleged in count 2 as well as to the underlying acts.

The attorney for DSS specifically placed in evidence: "the transcript of a guilty plea to count 1 and 6 of the indictment * * *. This is the transcript of the plea taken. Actually I call your particular attention to pages 12 and 13, 14, and that [petitioner's attorney] has a copy of the plea and I would put this in as [DSS] exhibit 5." Petitioner's counsel consented to the admission of exhibit No. 5 into evidence. Although exhibit No. 6 placed in evidence at the hearing, which is a certificate of conviction, indicates that petitioner was convicted of "CT. 1 FG 2°—170.10 (DF)" and "CT. 6 CPFI 2°—170.25 (DF)", it is clear from the plea minutes and the sentencing minutes that the reference to count 1 is a mistake. Both the plea minutes and the sentencing minutes refer to count 2 and count 6 of the indictment as the crimes to which petitioner pleaded guilty and for which she was sentenced. In fact, petitioner's counsel specifically referred the Hearing Officer to the minutes of the plea transcript where petitioner "admitted to aiding and abetting in two instances * * *. What she pleaded to was aiding and abetting a fellow worker who possessed a credit card that was not her own." Further, the Hearing Officer stated, just before giving his recommendation to DSS, that he was there to review what the criminal court had done. It is abundantly clear that the parties to the hearing in fact were referring to the facts of count 2 of the indictment charging criminal possession of a forged instrument in the second degree to serve as specification No. 1 of the substituted charges of misconduct. The misnomer was merely harmless error and may be disregarded.

We also find no merit to petitioner's contention that the

penalty imposed by respondent of termination of her employment was error in view of the issuance to petitioner of a certificate of relief from disabilities, petitioner's clean record, the requirement by County Court that she remain employed and the recommendation of the Hearing Officer that a lesser penalty of 60-days' suspension from work be imposed. The fact that petitioner received a certificate of relief from disabilities does not prevent the two convictions for criminal possession of a forged instrument in the second degree from serving as a factual basis for misconduct and termination of employment (see, Matter of Barreto v Gunn, 134 AD2d 495, 496; Matter of Zazycki v City of Albany, 94 AD2d 925, 927, lv denied 60 NY2d 558). In addition to the two felony convictions, petitioner, the codefendant and the victim were all employees of DSS. Here, internal agency discipline was involved and on balance it cannot be said that respondent abused her wide discretion in this matter (see, Matter of Di Vito v State of New York, Dept. of Labor, 48 NY2d 761, 763); nor does the penalty of termination here shock one's conscience (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233, supra).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.