■ In the Matter of JAMES T. CURRY, as District Attorney of the County of Hamilton, Petitioner, v HENRY L. ROGERS, as Supervisor of the Town of Arietta, Respondent. (Proceeding No. 1.) In the Matter of JAMES T. CURRY, as District Attorney of the County of Hamilton, Petitioner, v ALLEN L. HUNT, as Supervisor of the Town of Wells, Respondent. (Proceeding No. 2.) [620 NYS2d 521] —Mikoll, J. P. Proceedings initiated in this Court pursuant to Public Officers Law § 36 to remove respondents from their positions as Supervisors of their respective towns.

Respondent Henry L. Rogers, Supervisor of the Town of Arietta, and respondent Allen L. Hunt, Supervisor of the Town of Wells, both in Hamilton County, were each summoned by petitioner to appear and testify before a Grand Jury

in January 1994. Respondents were called to testify in an investigation commenced pursuant to CPL 190.55 concerning possible misconduct, nonfeasance or neglect in office by respondents and other public servants. Petitioner subsequently advised respondents that they would be asked to execute a waiver of immunity before testifying. Respondents conferred with counsel and appeared before the Grand Jury to testify, but refused to execute and swear to waivers of immunity; consequently, neither respondent gave any testimony before the Grand Jury.

Petitioner then commenced the instant proceedings against respondents in this Court under Public Officers Law § 36 authorizing the removal of public officers from their official positions for failing to execute waivers of immunity. Respondents served verified answers raising objections in point of law. In support of the petitions for removal, petitioner relies upon the provisions of NY Constitution, article I, § 6 relating to disqualification of public officers from holding public office for refusal to sign a waiver of immunity which, insofar as pertinent, states that: "any public officer who, upon being called before a grand jury to testify concerning the conduct of his present office or of any public office held by him within five years prior to such grand jury call to testify, or the performance of his official duties in any such present or prior offices, refuses to sign a waiver of immunity against subsequent criminal prosecution, or to answer any relevant question concerning such matters before such grand jury, shall by virtue of such refusal, be disqualified from holding any other public office or public employment for a period of five years from the date of such refusal to sign a waiver of immunity against subsequent prosecution, or to answer any relevant question concerning such matters before such grand jury, and shall be removed from his present office by the appropriate authority or shall forfeit his present office at the suit of the attorney-general." Respondents, on the other hand, argue that this provision is contrary to the protection against self-incrimination afforded to every citizen by the 5th Amendment of the US Constitution, and thus, the removal provision of NY Constitution, article I, § 6 is unconstitutional and unenforceable against respondents, citing to *Gardner v Broderick* (392 US 273) and cases reaffirming its holding *(see, Lefkowitz v Cunningham,* 431 US 801; *Lefkowitz v Turley,* 414 US 70; *Uniformed Sanitation Men Assn. v Commissioner of Sanitation of City of N. Y.,* 392 US 280).

In *Gardner v Broderick (supra),* the United States Supreme

Court ruled that the discharge of a police officer because of the officer's refusal to waive his privilege against self-incrimination prior to testifying before a Grand Jury violated the officer's constitutional rights. The court found that the officer "was discharged from office, not for failure to answer relevant questions about his official duties, but for refusal to waive a constitutional right" and concluded that "the mandate of the great privilege against self-incrimination does not tolerate the attempt, regardless of its ultimate effectiveness, to coerce a waiver of the immunity it confers on penalty of the loss of employment" *(supra,* at 278-279).

In *Matter of Mountain v City of Schenectady* (100 AD2d 718, *lv dismissed* 63 NY2d 603, *lv denied* 64 NY2d 607), where the argument was raised that a police officer's discharge was justified under NY Constitution, article I, § 6, this Court noted that "this provision has not been accorded a literal construction, nor has it passed constitutional muster" *(supra,* at 719). This Court also opined that the type of coercion and sanction present in that case "is precisely the type of coercion and sanction expressly prohibited in *Gardner,* and not to be tolerated" *(supra,* at 719).

Respondents in these proceedings are public officials who were subpoenaed to testify before a Grand Jury investigating their conduct and were requested to execute waivers of immunity under penalty of removal from office as in *Matter of Mountain v City of Schenectady (supra).* Thus, we are constrained to conclude that the petitions should be dismissed.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the motions are denied, with costs, and petitions are dismissed.