■ In the Matter of PETER SECRETO, Respondent, v COUNTY OF ULSTER, Appellant. [644 NYS2d 439] —Per Curiam.

On December 16, 1993, pursuant to Civil Service Law § 75, respondent charged petitioner, a grade IV head cleaner at respondent's courthouse, with misconduct for theft on the job. Following a disciplinary hearing, the Hearing Officer found petitioner guilty of the charge and recommended a 30-day suspension without pay. The Hearing Officer also recommended a change in work place to avoid acrimony among the courthouse staff. Respondent adopted the Hearing Officer's finding of guilt but changed the penalty by demoting petitioner to a grade II cleaner and reassigning him to another work location. Petitioner commenced this CPLR article 78 proceeding alleging that respondent's determination was arbitrary and capricious and not supported by "sufficient" evidence. Respondent answered seeking dismissal or, in the alternative, transfer of the proceeding to this Court because petitioner raised a substantial evidence question. Supreme Court found respondent's decision arbitrary and capricious and granted petitioner's application to annul. The court directed petitioner's reinstatement with back pay. Respondent moved to reargue, contending that the court overlooked the substantial evidence issue and improperly weighed the evidence in deciding the case using the arbitrary and capricious standard. Supreme Court granted respondent's application for reargument but adhered to its original decision. Respondent appeals. We reverse and confirm respondent's determination.

Initially, we note that Supreme Court mistakenly applied the arbitrary and capricious standard of review. Relying on our decision in *Matter of Mountain v City of Schenectady* (100 AD2d 718, *lv dismissed* 63 NY2d 603, *lv denied* 64 NY2d 607), the court noted that it found respondent's determination arbitrary and capricious (*see*, CPLR 7803 [3]) as a matter of law and, therefore, stated that it was bypassing the substantial evidence issue. However, under the circumstances herein, *Matter of Mountain v City of Schenectady* (*supra*) is not controlling. In that case, the petitioner contended by way of an objection interposed in his answer that his discharge violated his right against self-incrimination (*see*, US Const, 5th Amend; NY Const, art I, § 6; *Gardner v Broderick*, 392 US 273). This Court held that it was appropriate for Supreme Court to dispose of the constitutional objection as a matter of law without reaching the substantial evidence question because there were no material facts in dispute (*see*, *Matter of Westmount Health Facility v Bane*, 195 AD2d 129, 131) and that disposition terminated the proceeding (*see*, CPLR 7804 [g]; *Matter of Martin v Platt*, 191 AD2d 758, 759, n, *lv denied* 82 NY2d 652).

The proper standard of review applicable in this case, however, is whether the determination is supported by substantial evidence (*see*, CPLR 7803 [4]). That is so because respondent's action was taken as the result of an adjudicatory hearing held pursuant to Civil Service Law § 75 (2) (*see generally*, *Matter of Smith v Board of Educ.*, 221 AD2d 755, *lv denied* 87 NY2d 810; *Matter of Calloway v Glass*, 203 AD2d 800). Moreover, petitioner raised the question of substantial evidence by challenging the Hearing Officer's factual assessment of misconduct (*see*, *Matter of Margolin v Newman*, 130 AD2d 312, *appeal dismissed* 71 NY2d 844; *see also*, *Matter of Hudson Riv. Fisherman's Assn. v Williams*, 139 AD2d 234). Accordingly, the matter should have been transferred to this Court (*see*, *Matter of Sutherland v Glennon*, 221 AD2d 893; *Matter of Hudson Riv. Fisherman's Assn. v Williams*, *supra*). The error, however, is harmless since we will treat this matter as if it had been transferred in the first instance (*see*, *Matter of Gooshaw v Village of Massena*, 216 AD2d 819, 820, n; *Matter of Marinelli Constr. Corp. v State of New York*, 200 AD2d 294, 296).

Based upon our review of the record as a whole (*see*, CPLR 7803 [4]), we cannot say that respondent's determination of misconduct is not supported by substantial evidence. Petitioner's supervisor, Keith Kelder, testified that about three weeks prior to the incident, respondent had purchased a pair of red-handled wire-cutting pliers for use by the employees. The pli-

ers along with other small hand tools were kept on Kelder's desk in the electric room which was unlocked when petitioner arrived for work and locked up when his night shift ended. Petitioner had access to a key to the room. On December 2, 1993, Kelder needed to use the pliers but could not find them. At about 3:00 P.M., while Kelder was with his Security Officer Robert King, Glenn Schwenk, a cleaner, commented to Kelder that if he was missing a pair of red-handled pliers they were in petitioner's lunch pail. Upon further questioning, Schwenk confirmed that he had seen the pliers in petitioner's lunch box the previous night.

Kelder and King mentioned the missing pair of pliers to petitioner and asked that if he saw them anywhere to put them in Kelder's desk drawer. King questioned two other nightshift cleaners, Paul Klun and Henry Boone. Klun stated that he saw petitioner taking office supplies and other items from desks. Boone stated that he never saw any of his co-workers take anything. At the hearing both Klun and Boone testified. Klun denied seeing petitioner take anything, with the exception of garbage bag liners containing soda cans from the jurors' room. Schwenk testified that near the end of his shift on December 1, 1993 he saw the red-handled pliers in petitioner's partially opened white and pink lunch box which was in Kelder's office. Petitioner testified and denied stealing the items listed in the charge although he admitted taking bags of empty soda cans, and that he brought a white and pink lunch box to work that day.

At the conclusion of the testimony, petitioner produced his lunch box and the Hearing Officer found that a pair of pliers, similar in size to those which were missing, would fit into the pail. The Hearing Officer also found the testimony given by Kelder, King and Schwenk credible but discounted that given by Klun. The conflicting testimony adduced at the hearing created an issue of credibility which is a matter "committed solely to the Hearing Officer" (*Matter of Abdalla v Fulton County*, 208 AD2d 1168, 1169, *lv denied* 85 NY2d 804; *see generally*, *Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). "Where there is room for choice, as here, neither the weight which might be accorded nor the choice which might be made by a court is germane" (*Matter of Riley v Schles*, 185 AD2d 437, 437-438; *see, Matter of New York City Bd. of Educ. v Batista*, 54 NY2d 379, 384).

We also cannot say that the penalty of demotion is " 'so disproportionate to the offense * * * as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d

222, 233, quoting *Matter of Stolz v Board of Regents*, 4 AD2d 361, 364).

Cardona, P. J., Mikoll, Mercure, White and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.