■ In the Matter of ALLEN L. HUNT, Respondent, v HAMILTON COUNTY, Appellant. [652 NYS2d 402] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Dier, J.), entered December 8, 1995 in Warren County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to

compel respondent to reimburse petitioner's expenses and counsel fees.

In this proceeding, petitioner seeks a judgment requiring respondent to reimburse him for legal fees and expenses in connection with the defense of a Grand Jury proceeding (*see*, CPL 190.55) and a removal proceeding (*see*, Public Officers Law § 36). In the Grand Jury proceeding, petitioner, the Supervisor of the Town of Wells in Hamilton County, was called by the County's District Attorney to testify in regard to the latter's investigation concerning possible misconduct by petitioner as well as other public servants. Petitioner was asked to execute a waiver of immunity before testifying. He refused. The District Attorney then commenced the removal proceeding based on petitioner's failure to execute a waiver of immunity. This Court concluded that petitioner could not be compelled to execute such a waiver under penalty of removal from office (*see*, *Matter of Curry v Rogers*, 210 AD2d 784). Petitioner retained private counsel in both proceedings. He contends that he was forced to do so because the County Attorney had recused himself from the matter due to a conflict of interest and respondent failed to designate a replacement.

Under Public Officers Law § 18, a public entity is required to defend an employee "in any civil action or proceeding * * * arising out of any alleged act or omission which occurred while the employee was acting within the scope of his public employment or duties" (Public Officers Law § 18 [3] [a]). Respondent designated the County Attorney as the county officer responsible for defending its employees (*see*, Public Officers Law § 18 [2]). Respondent contends that the proceeding should be dismissed due to petitioner's failure to comply with the notice requirements of the statute (Public Officers Law § 18 [5]). We disagree. This Court has determined that the statute's notice requirements are not to be construed as a condition precedent (*see*, *Matter of Polak v City of Schenectady*, 181 AD2d 233). Although the record supports respondent's assertion that petitioner failed to comply with the 10-day notice requirement, under the circumstances of this case we find that this failure should not serve as a basis for denying petitioner's claim for reimbursement (*see*, *supra*).

Respondent contends that it was prejudiced because it should have been afforded the opportunity to determine whether a defense was appropriate. Apparently, respondent is contending that the charges may have involved duties outside the scope of petitioner's employment. This contention is without merit. Both proceedings clearly concerned petitioner's actions as a

public servant. The duty to defend is broader than the duty to indemnify and since respondent has failed to demonstrate conclusively that petitioner was acting outside the scope of his duties, it was required to provide a defense (*see, Giordano v O'Neill*, 131 AD2d 722). The record also reveals that respondent was well aware of both proceedings (*see, id.*). Further, respondent has not disputed petitioner's averment that he personally notified the County Attorney of his need for counsel in the Grand Jury matter. Respondent contends that because there was *no* notice in the removal proceeding, no reimbursement is warranted as to that proceeding. However, in our view, the second proceeding was so interconnected with the first that the failure of direct notice is not fatal. It can also be argued that because the County Attorney had already recused himself prior to petitioner's being summoned to appear, petitioner could not comply with the notice requirements. As petitioner points out, respondent had not designated any other officer to serve as its agent for the purpose of receiving notice under Public Officers Law § 18.

We next reject respondent's claim that because the Grand Jury proceeding could have resulted in criminal charges against petitioner, the proceeding was not civil in nature. The District Attorney himself admitted that he did not have the intention of pursuing criminal charges against petitioner in the Grand Jury matter (*see generally, Matter of Williams v Rensselaer County Bd. of Elections*, 118 AD2d 966, 967, *appeal dismissed* 68 NY2d 809 [Public Officers Law § 18 should not be narrowly construed to restrict its benefits]).

In addition, simply because both proceedings were commenced by the District Attorney does not, under the facts of this case, warrant the conclusion that they were brought "by or at the behest of the public entity employing such an employee" (Public Officers Law § 18 [3] [a]) so as to justify a refusal to defend petitioner. We further reject respondent's assertion that Supreme Court erred in not affording it an opportunity to serve an answer after it denied the motion to dismiss (*see*, CPLR 7804 [f]). Such relief is not warranted in all circumstances (*see, Matter of Davila v New York City Hous. Auth.*, 190 AD2d 511, *lv denied* 87 NY2d 801; *Matter of DeVito v Nyquist*, 56 AD2d 159, *affd* 43 NY2d 681). Here, respondent stated that the parties did not dispute the facts giving rise to this proceeding. In addition, respondent argued the merits of its case and submitted affidavits in support thereof (*cf., Matter of Scott v Commissioner of Correctional Servs.*, 194 AD2d 1042).

As a final matter, we find Supreme Court's determination of

the amount of counsel fees to be in all respects proper (see, *Harris Bay Yacht Club v Harris*, 230 AD2d 931). Respondent's remaining arguments have been examined and rejected for lack of merit.

Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.