■ In the Matter of ROBERT MILLER, Petitioner, v BOARD OF EDUCATION OF THE NORTH COLONIE CENTRAL SCHOOL DISTRICT, Respondent. [657 NYS2d 252] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of misconduct and suspended him from his employment.

Petitioner, employed by respondent as a high school hall monitor, was on a medical leave of absence from October 14,

1994 until December 5, 1994 due to a severe ankle sprain. During the leave of absence, petitioner traveled abroad in connection with his wife's work as a boxing booking agent on three different occasions. During the course of these trips, petitioner performed some incidental tasks such as attending boxing matches, wrapping boxers' hands and handing a water bucket to the fighters or their trainers between rounds. Although he was not compensated for this work, petitioner received free transportation, lodging and food from the boxing promoter. ·

When respondent became aware of petitioner's activities, it initiated misconduct charges against him alleging (as relevant to this proceeding) that his travel and the performance of services for his wife's company demonstrated that he was not physically unable to perform his duties as a hall monitor and that he should not have been absent from work. Following a hearing, a Hearing Officer found petitioner guilty of misconduct and recommended a penalty of three weeks' suspension without pay. Respondent adopted the Hearing Officer's findings and recommendation, a determination challenged in this CPLR article 78 proceeding. Because we agree with petitioner that respondent's determination is not supported by substantial evidence on the record as a whole (*see, Matter of Secreto v County of Ulster*, 228 AD2d 932, 933), we are constrained to grant the petition and annul respondent's finding of guilt and the penalty imposed thereon.

Initially, we find no record support for the Hearing Officer's implicit conclusion that, because petitioner "traveled outside the country on three separate occasions to perform services for a company owned or operated by his wife", he was physically capable of performing his assigned duties as a hall monitor. In reaching that conclusion, the Hearing Officer gave no consideration to the actual physical demands placed on petitioner by his travel, as compared to those imposed by his employment, and in fact ignored the uncontroverted evidence that the "extensive" travel involved very little standing or walking. In sharp contrast, petitioner's work as a hall monitor required him to be on his feet and to walk for large portions of the day and to break up student fights, an activity that required him to move quickly and make rapid twisting movements. Petitioner's physician testified that the little walking petitioner was required to do on his trips was actually beneficial, whereas the demands of his work were too severe and could worsen his injury. Respondent offered no medical evidence.

It is our further view that the Hearing Officer erred in her conclusion that petitioner had a responsibility to advise re-

spondent of his ability to perform a "light-duty assignment". Aside from the fact that the statement of charges made no mention of any such dereliction, we note that the record is devoid of evidence of any rule, regulation, policy or practice covering petitioner's employment that created any such responsibility. In addition, the record contains no evidence as to the scope of duties petitioner would have been expected to perform in connection with a light-duty assignment or, for that matter, that he was physically capable of performing such duties.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.